UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**
Christopher J. Panetta & Jeanette L. Ahles,
Debtor(s).
_____/

CHAPTER 13
CASE NO. 16-53166-TJT
JUDGE THOMAS J. TUCKER

### TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES,** the Chapter 13 Trustee, Tammy L. Terry, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E.D. Mich. L.B.R. 3015-3(a) and 11 U.S.C. §1307(c)(5) as follows:

1. Michigan Department of Treasury, filed a priority proof of claim in the amount of $3,844.33. The Trustee objects to the debtor's failure to treat this creditor in the Chapter 13 Plan as it may impact feasibility. Feasibility is required pursuant to 11 U.S.C. § 1325(a) (6).

2. Michigan Department of Treasury, filed a secured proof of claim in the amount of $4,369.00. The Trustee objects to the debtor's failure to treat this creditor in the Chapter 13 Plan as it may impact feasibility. Feasibility is required pursuant to 11 U.S.C. § 1325(a) (6).

3. The value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7, contrary to 11 U.S.C. 1325(a)(4).

4. The debtor's provide in the income Schedule (I) that Mr. Panetta is the owner operator of MCCJ, LLC. The Trustee objects to the debtor's failure to disclose the gross income earned by this company and provide an attached detailed statement outlining the expenses.

5. The Plan fails to provide that 100% of profit sharing funds and/or bonuses received by the debtor during the pendency of the Plan be remitted to the Trustee for distribution among creditors in contravention of 11 U.S.C. 1325(b) and In re Freeman, 86 F.3d 478 (6th Cir., 1996).

6. The debtors provide in the income Schedule (I) Ms. Ahles has an average monthly bonus in the amount of $1,000.00 per month. The debtor's testified at the §341 First Meeting of Creditors that she does not receive bonuses. The Trustee request that the debtor's provide proof of this income and amend Schedule I accordingly. The Trustee further request that the debtor provide clarification as to whether the debtor receives the bonus only one time a year during the month of March.

7. The Trustee request that the debtor provide proof of the income earned from Beach Body LLC within 14 days.

8. The debtor's Plan fails to provide that all of the debtor's projected disposable income be utilized to fund the Plan. Specifically, the debtor's Schedule J has overstated the following expense(s) in contravention of 11 U.S.C. 1325(a)(3) and/or 11 U.S.C. 1325(b):

    a. Telephone/Cell Phone/Internet/Satellite/Cable Services - $365.00. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors and their dependents. The Trustee request that the debtor increase best effort by $200.00 per month.

    b. Cell Phones - $345.00. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors and their dependents. The Trustee request that the debtor increase best effort by $200.00 per month.

    c. Food and Housekeeping Supplies - $1,300.00. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors and their dependents. The Trustee request that the debtor increase best effort by $300.00 per month.

    d. Transportation - $955.00.

    e. Vehicle Insurance - $335.00. The Trustee request that the debtor provide a copy of the declaration page prior to confirmation.

    f. Pet Expense - $105.00.

The Trustee requests that the debtor provide proof of these expenses within fourteen days.

9. The debtor's testified at the §341 First Meeting of Creditors that Mr. Panetta is currently seeking employment. The Trustee request that the debtor provide the status of Mr. Panetta employment at confirmation and to amend the Schedules accordingly. The Trustee further request that the debtor provide a provision in the Order Confirming Plan upon Mr. Panetta obtaining employment that the debtor's will amend Schedule I and J and provide the Trustee with proof of income,

**WHEREFORE,** the Chapter 13 Trustee requests this Honorable Court deny confirmation of the debtor's (s') Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. §1307(c)(5).

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Tammy L. Terry, Chapter 13 Trustee

February 14, 2017

/S/ TAMMY L. TERRY (P-46254)
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
/s/ MARILYN R. SOMERS-KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

IN THE MATTER OF:  CHAPTER 13
 CASE NO. 16-53166-TJT
Christopher J. Panetta & Jeanette L. Ahles, JUDGE THOMAS J. TUCKER
Debtor(s).
_____/

## CERTIFICATE OF MAILING

I hereby certify that on February 14, 2017, a copy of **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** was electronically filed with the Clerk of Court, served electronically to the debtor's(s') attorney and a copy of same deposited in the U. S. Mail to the debtor (s) at the address as it appears below.

/s/ LaToya Ethridge
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

Christopher J. Panetta & Jeanette L. Ahles
20405 Little Acres Dr.
Clinton Township, MI 480350000

Klimmek & Roose PLC
29829 Greenfield Rd, Suite 102
Southfield, MI 480760000